## Carey-Lombard Lumber Co. v. Chicago Title & Trust Co.

1. PARTNERSHIP—*Admissions of Members, etc.—Effect of.*—The admission of a party that he is a member of a partnership, may render him liable to creditors who have trusted the partnership upon such admission, but it does not necessarily make the party a member of the firm as between him and the other parties.

Memorandum.—Proceedings under the act pertaining to voluntary assignments. Appeal from the County Court of Cook County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed February 1, 1894.

The statement of facts is contained in the opinion of the court.

ISRAEL COWEN, attorney for appellant.

JOHN C. TRAINOR, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

W. H. Rolff & Co. made an assignment to the appellee for the benefit of creditors, and the assets are being administered under the direction of the County Court. The appellant having a judgment and execution against the firm, which it is alleged consisted of Rolff and his wife, applied to the County Court to direct the assignee to surrender the assigned property to the sheriff, that it might be applied to the satisfaction of the execution.

The assignment was executed by W. H. Rolff only, as assignor, and the question of fact is whether his wife was his partner. On that, the appellant introduced the testimony of several witnesses that both Rolff and his wife had said they were partners, and also proof that she had acted

in the business, but none that in fact she had any capital in it. For the appellee, Rolff, his wife, and his brother and bookkeeper, Henry Rolff, testified that she had no interest in the firm, that there was no partner, the company being only show, and that she only made collections, except on that one occasion when Rolff was disabled by an accident, she did order goods.

On this evidence the decision of the County Court that she was not a partner must stand. The question is not whether she had, by holding herself out as a partner, given to creditors, who trusted to appearances, the right to hold her as a partner, but whether as between themselves the property of the nominal firm was the property of the husband and wife, or of the husband alone. If it was his only, he could assign it as he did. Whitworth v. Patterson, 6 Lea (Tenn.) 119.

The question of law whether one partner may assign the firm property for the benefit of creditors does not arise on this record. Affirmed.